UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD D. DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-179-JJB-RLB** |
| **GREYHOUND LINES, INC., et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 8, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD D. DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-179-JJB-RLB** |
| **GREYHOUND LINES, INC., et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand, filed on April 18, 2013. (R. Doc. 4). Defendants timely filed an Opposition on May 1, 2013. (R. Doc. 5). For the reasons discussed below, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED**.

## I.   BACKGROUND AND PROCEDURL HISTORY

Plaintiff originally filed this action alleging violations of state law in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 1). Plaintiff identified (1) Greyhound Lines, Inc., (2) FirstGroup America, who fully owns Greyhound, and (3) GLI Corporate Risk Solutions, as named Defendants. (R. Doc. 1-1 at 1). Plaintiff included (1) ABC Insurance Company (Greyhound's insurer), (2) Tow Truck Company, (3) ABC Insurance Company (Tow Truck's insurer), (4) Driver of Greyhound Lines Inc.'s bus, and (5) ABC Insurance Company (Driver's insurer), as fictitiously-named Defendants. (R. Doc. 1-1 at 1).

In his Petition, Plaintiff alleged he sustained injuries while riding as a passenger on a Greyhound bus. According to Plaintiff, the bus pulled off of the interstate after getting a flat tire and the driver called for a tow truck. After the tow truck arrived and while the bus was lifted by

1

a jack, "the bus fell off the jack and slammed to the ground, causing Plaintiff to fall to his knees and sustain injuries." (R. Doc. 1-1 at 1).

Within 30 days of receiving "other paper" establishing the requisite amount in controversy, Defendants GLI Corporate Risk Solutions and Greyhound Lines, Inc. removed this action based on diversity jurisdiction (R. Doc. 1). *See* 28 U.S.C. § 1446(c)(1). According to the record, Plaintiff is a citizen of Louisiana. Defendant Greyhound is incorporated in the State of Delaware with its principal place of business in Texas. (R. Doc. 1 at 2). Defendant GLI Corporate Risk Solutions is incorporated in the State of Texas where it also has its principal place of business. (R. Doc. 1 at 3). FirstGroup America owns 100% of Greyhound and is incorporated in Delaware with its principal place of business in Ohio. (R. Doc. 2 at 1; R. Doc. 1 at 3). The driver of the Greyhound bus was identified after removal as James Hester — a citizen of Tennessee. (R. Doc. 8).

Plaintiff moves to remand, arguing that complete diversity does not exist. (R. Doc. 4 at 1). Because neither party disputes the amount in controversy exceeds $75,000, the sole issue before the Court is whether complete diversity exists between Plaintiff and Defendants.

## II.     APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Whether subject matter jurisdiction exists at the time of removal is based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts

must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists).

## III.   DISCUSSION

Plaintiff argues that complete diversity does not exist because the citizenship of the fictitiously-named Defendant "Tow Truck Company," should be considered for purposes of removal. (R. Doc. 4-1 at 2).   According to Plaintiff, "since there is only one tow truck involved in this litigation" and it acted as an agent for Greyhound, "the citizenship of the Tow Company was established at commencement of the action even though the actual name of the company was unknown." (R. Doc. 4-1 at 2).   Defendant disagrees, suggesting the language of 28 U.S.C. § 1441(b)(1) clearly states that courts are to ignore the citizenship of fictitiously-named defendants for purposes of removal. (R. Doc. 5 at 2).

"In determining whether a civil action is removable on the basis" of diversity jurisdiction, 28 U.S.C. § 1441(b)(1) clearly states that "the citizenship of defendants sued under fictitious names shall be disregarded."   Notwithstanding this language, several district courts have found that, when the plaintiff's complaint provides a definite clue about the identity of a fictitious defendant, a court may consider the fictitious defendant's citizenship. *See, e.g., Tompkins v. Lowe's Home Ctr.*, 847 F. Supp. 462, 464 (E.D. La. 1994); *Green v. Mutual of Omaha*, 550 F. Supp. 815, 817-18 (N.D. Cal. 1982).   On the other hand, the majority of district courts have more recently rejected these opinions, in light of the 1988 amendment to 28 U.S.C. § 1441 that

3

expressly instructs courts to ignore the citizenship of fictitious defendants upon removal. *See, e.g. Maynard v. Target Corp.*, No. 08-4796, 2010 WL 2464800, at *3 (E.D. La. June 4, 2010) (finding *Tompkins* "inapplicable" because it relied upon a pre-amendment "district court decision from 1982"); *Whiddon v. Wal-Mart Stores, Inc.*, No. 04-2072, 2005 WL 14912, at *2 (E.D. La. Jan. 3, 2005) (specifically rejecting the holding in *Tompkins*, in light of the 1988 amendment); *Thompson v. ZC Sterling Ins. Co.*, No. 06-8160, 2007 WL 1098883 at *2 n.9 (E.D. La. April 11, 2007) (same); *Alonzo v. Shoney's, Inc.*, No. 00-3109, 2001 WL 15641 at *3 (E.D. La. Jan. 5, 2001) (same). Indeed, *Green* was decided pre-amendment in 1982 and *Tompkins* relied entirely upon *Green*. *Tompkins*, 847 F. Supp. at 464 ("when plaintiff's allegations give a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant") (citing *Green*, 550 F. Supp. at 818); *see also Howell v. Circuit City*, 330 F. Supp. 2d 1314, 1318 (M.D. Ala. 2004) (rejecting the holding in *Green* because it "predate[d] the 1988 amendment" and in *Tompkins* because it "incorrectly rel[ied] on pre-1988 law").

The Court is in agreement with the more recent opinions and is not persuaded that the unambiguous language of 28 U.S.C. § 1441(b)(1) — "shall be disregarded" — allows for the exception proposed by Plaintiff. *E.g.*, *Kocke v. Bancroft Rehabilitation Living Centers, Inc.*, No. 03-2351, 2003 WL 22383573, at *1 n.1 (E.D. La. Oct. 16, 2003) ("The court also declines to follow the lead of some district courts that have carved an exception to the unambiguous 'shall be disregarded' language of §1441(a) to consider a John Doe's citizenship for purposes of removal." *Id.* at *1) (current version at 28 U.S.C. § 1441(b)(1)). And, even if section 1441(b)(1) allows for such an exception, Plaintiff's Petition does not contain sufficient allegations regarding the identity of "Tow Truck Company" to justify consideration of its citizenship. Therefore, the

Court will not consider "Tow Truck Company's" citizenship in determining whether it has jurisdiction over this matter.

## IV. RECOMMENDATION

Because all of the named Defendants are diverse from Plaintiff, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 8, 2013.

　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**