UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD D. DIXON | CIVIL ACTION |
| VERSUS | NO. 13-179-JJB-RLB |
| GREYHOUND LINES, INC. et al | |

## ORDER

Before the Court is a Motion to Compel Discovery Reponses and Physical Medical Examination of Plaintiff (R. Doc. 21) filed by Defendants Greyhound Lines, Inc. ("Greyhound") and GLI Corporate Risk Solutions ("GLI") (collectively, "Defendants") on December 9, 2013. The time within which to submit any opposition to such motion has passed. Therefore, the Court considers the Motion to Compel unopposed.

### I. Background

#### A. Plaintiff's Cause of Action

Plaintiff filed this action alleging violations of state law in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 1). In his Petition, Plaintiff alleged he sustained injuries while riding as a passenger on a Greyhound bus. According to Plaintiff, the bus pulled off of the interstate after getting a flat tire and the driver called for a tow truck. After the tow truck arrived and while the bus was lifted by a jack, "the bus fell off the jack and slammed to the ground, causing Plaintiff to fall to his knees and sustain injuries." (R. Doc. 1-1 at 1).

Plaintiff asserts that the accident was caused by "the negligence and/or fault of the Defendants" named in the Petition and that the Plaintiff has "sustained injuries, and/or damages",

among others, that include medical expenses, impaired earning capacity, physical pain and suffering, loss of mobility, permanent disability, and gross scarring and disfigurement. *Id*. at 2-3.

B. <u>Discovery Requests</u>

Defendants propounded Interrogatories and Requests for Production of Documents upon Plaintiff while the case was still pending in state court. Defendants assert that timely responses were not provided under Louisiana's Code of Civil Procedure. (R. Doc. 21-2 at 3). Following removal of this matter, a scheduling conference with the Court, and the entry of a scheduling order, Defendants assert that they have still not received responses. The parties conducted a discovery conference on November 20, 2013 and the Plaintiff agreed to provide responses by November 27, 2013. Responses have still not been received.

Defendants have also requested that the Plaintiff undergo an IME in Baton Rouge, LA with Dr. Meredith Warner. (R. Doc. 21-2 at 4). Defendants assert that good cause exists for the IME because the Plaintiff has placed his physical condition at issue based on the claimed damages. Defendants also point to a plan of treatment by Plaintiff's doctor, Dr. Berliner, that includes possible surgery based on injuries to Plaintiff's back and right knee. (R. Docs. 21-2 at 7, 21-9). Defendants specified to Plaintiff's counsel that the proposed examination by Dr. Warner will address the "issues, causation, and appropriate treatment options" regarding the injuries specified by Dr. Berliner. (R. Doc. 21-14). As the parties were unable to agree to the specifics regarding the IME, the Defendants now ask the Court to order Plaintiff to undergo an IME.

**II. Law and Analysis**

A. <u>Outstanding Discovery Requests</u>

The Defendants have served discovery requests on the Plaintiff. Although those requests were issued when the matter was in state court, the Defendants have waited until the time limits

2

Case 3:13-cv-00179-JJB-RLB   Document 23   01/06/14   Page 2 of 7

applicable under the Federal Rules of Civil Procedure have lapsed.[1] These outstanding requests were identified by the Plaintiff in the status report submitted to the Court on October 2, 2013. (R. Doc. 16) ("Plaintiff is in the process of responding to Defendants' discovery and anticipates scheduling depositions in the near future."). Despite this representation to the Court, those responses were not provided to the Defendants.

In addition, pursuant to the representations of the Defendants, the parties met and conferred regarding these discovery requests on November 20, 2013 and agreed that responses would be provided no later than November 27, 2013. Both Rule 33 (governing Interrogatories) and Rule 34 (governing Producing Documents) allow parties to stipulate to a specific time within which to respond. These rules also allow the Court to order a time within which to respond.

Plaintiff has not responded to the outstanding discovery within the time frame permitted under the Federal Rules of Civil Procedure or within the timeframe agreed upon by the parties. Plaintiff has not objected to or otherwise challenged the extent of the discovery requested.[2] In addition, Plaintiff has not submitted any opposition to the Motion to Compel.

In light of the failure of Plaintiff to timely respond to the discovery and there being no opposition to Defendants' Motion to Compel, the Motion to Compel is **GRANTED** as to the outstanding Interrogatories and Requests for Production.

---

[1] The Court takes no position as to whether the Defendants' suggestion that the discovery requests were stayed or held in abeyance until the parties met, conferred and submitted their discovery plan is correct. *See* Fed. R. Civ. P. 26(d) ("party may not seek discovery from any source before the parties have conferred" as required). Defendants could have re-issued their discovery in accordance with the Federal Rules of Civil Procedure following removal. Instead, the parties chose to meet and confer regarding the outstanding requests and agreed upon deadlines to comply. The Court agrees with the position of the Defendants that the federal rules, not state rules, govern any responses to those discovery requests now that the matter is in federal court.

[2] In fact, in the status report, Plaintiff indicates that there are no "limitations on discovery that may be required/sought during the course of discovery." (R. Doc. 16 at 4).

3

B.   Conducting an Independent Medical Examination (IME)

Federal Rule of Civil Procedure 35 provides that a Court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed. R. Civ. P. 35(a)(1).  The court may issue such an order "on motion for good cause and upon notice to all parties and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id.* at 35(a)(2). To demonstrate entitlement to conduct the IME, a party must satisfy two criteria.  First, the physical or mental state of the party must be in controversy.  Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964).  "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118.  A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119; *see also McClanahan v. Transocean Offshore Intern. Ventures Ltd.*, Civ. Action No. 05-2099, 2006 WL 2989243 *2-3 (W.D. La. Oct. 19, 2006) (citing cases).

Additionally, Rule 35(a) is generally construed liberally in favor of granting discovery. *Barcia v. ENI U.S. Operating Co., Inc.*, Civ. Action No. 05-4501, 2006 WL 1236053 (E.D. La. May 4, 2006) (citing *Grossie v. Florida Marine Transporters, Inc.*, Civ. Action No. 04-0699, 2006 WL 2547047 *2 (W.D. La. Aug. 31, 2006)).

In this case, there is no question that the physical condition of the Plaintiff is in controversy and that good cause exists for an IME.  Likewise, Plaintiff has not challenged Dr.

4

Warner or provided any argument that she is not a "suitably licensed or certified examiner" as contemplated by Rule 35.

Although the Plaintiff has chosen to file no opposition to the Motion to Compel, the Court will address remaining issues that have been in dispute between the parties and was briefed by the Defendants – concerns regarding the location of the IME and the Plaintiff's travel costs to attend.

Defendants request that the IME take place at Dr. Warner's office in Baton Rouge, LA. (R. Doc. 21-13). Plaintiff has provided no objection or opposition to the Court as to why this should not take place in the district where the action is pending. It is not alleged that the trip would be injurious to Plaintiff's health or that there is any other compelling reason for his reluctance to appear at Dr. Warner's office. This is the forum chosen by the Plaintiff. Should the case proceed to trial, it is the forum where the trial would take place. An examiner in another location may not be subject to the subpoena power of this court. *See Barcia v. ENI U.S. Operating Co., Inc.*, Civ. Action No. 05-4501, 2006 WL 1236053 (E.D. La. May 4, 2006) (ordering IME to take place in Slidell, LA, which was within the district where the action was pending). By having the IME conducted by a physician in this district, that individual can be available conveniently for testimony.

Based on the correspondence between the parties, Plaintiff has taken a position that if he has to come to Baton Rouge for the IME, then the Defendants should pay his travel expenses. (R. Doc. 21-12). In the Motion to Compel, Defendants urge the Court to order the Plaintiff to incur his own travel expenses. The Court agrees. Plaintiff has submitted nothing to the Court to support his position that these costs should be borne by the Defendants. There has been no showing of any reason why he should not pay his travel expenses to come to Baton Rouge for an

5

examination, just as he will eventually be obliged to do when he comes here for trial. *See Baird v. Quality Foods, Inc.*, 47 F.R.D. 212 (E.D. La. 1969).

**III.    Expenses**

Defendants have requested that they be reimbursed for such fees based on Plaintiff's "failure to provide discovery responses as well as his failure to agree to an IME, at his own cost for travel" and are entitled to recover reasonable expenses incurred pursuant to Rule 37. (R. Doc. 21-2 at 9). Rule 37 allows for the recovery of such expenses under certain circumstances. Defendants, however, have not provided any information to the Court regarding any such fees.

The Court also notes that although the Defendants have styled their request as a "Motion to Compel" and seek recovery of expenses under Rule 37, the motion for an IME is authorized pursuant to Rule 35. Rule 35 has no provision for the awarding of expenses as requested by the Defendants and Rule 37 does not provide for the reimbursement of costs associated with filing a motion under Rule 35. *See Barcia* at *3.

Defendants' Motion does cover the lack of Plaintiff's responses to discovery requests. A Motion to Compel on those grounds may provide for the imposition of expenses if granted. The discovery requests at issue were served during the state court proceeding and the trigger for the time within which to respond, absent the agreement by the parties, is not clear. The Court therefore finds that the imposition of expenses under these facts is not warranted at this time.

Although not specifically referenced by the Defendants, the Court does have the inherent authority to sanction under certain circumstances; the Court, however, concludes that this case does not warrant the use of its sanctioning power.

For these reasons, no costs or attorneys' fees are awarded at this time. The Plaintiff is warned, however, that additional failure to respond to discovery may result in sanctions available under Rule 37 or the Court's inherent power, including the awarding of attorneys' fees.

## IV. Conclusion

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 21) is **GRANTED.** Plaintiff shall provide complete responses to the Defendants' Interrogatories and Requests for Production of Documents no later than **January 13, 2014**.

**IT IS FURTHER ORDERED** that the Plaintiff must submit to an IME of his back and knee and any other injuries he claims were caused or aggravated by the accident at issue in this case. Such IME shall include any questioning that is necessary to reach an opinion about the Plaintiff's medical condition and the cause of the alleged injuries. The IME shall take place prior to **January 31, 2014**. Defendants shall obtain available dates and times from Dr. Warner and the parties shall confer and agree upon a date for the IME no later than **January 13, 2014**. If the parties are unable to so agree, Defendants shall provide the Court with Dr. Warner's available dates and times and the Court will set a date and time certain in accordance with this Order.

Signed in Baton Rouge, Louisiana, on January 6, 2014.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**