# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD D. DIXON | CIVIL ACTION NO. 3:13-CV-00179 |
| | JUDGE JOHN W. deGRAVELLES |
| VERSUS | MAGISTRATE JUDGE RICHARD L. BOURGEOIS |
| GREYHOUND LINES, INC., ET AL. | JURY TRIAL |

## RULING AND ORDER

This matter is before the Court on a Motion for Summary Judgment [R. Doc. 38] filed by defendants, Greyhound Lines, Inc. ("Greyhound"); James Hester; and GLI Corporate Risk Solutions ("GLI") (collectively, "Defendants"). Plaintiff Edward D. Dixon opposes the Motion. Oral argument is not necessary. The Court has jurisdiction based on 28 U.S.C. § 1332.

Considering the briefs and the law, the Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. The Court declines to dismiss Plaintiff's claims that Defendants were negligent by violating Greyhound's corporate policies and by failing to evacuate the bus. Plaintiff's remaining claims of negligence against all Defendants are dismissed. Further, Plaintiff's claims against GLI are dismissed, but the Court will not award costs and attorneys' fees for this dismissal.

## I.  Background

This is a personally injury suit. Some of the facts are not in dispute. On January 3, 2012, Defendant Hester was driving a Greyhound Bus through Baton Rouge, Louisiana. (Deposition of James Hester, p. 17). Plaintiff Dixon was a commercial passenger returning home to Lafayette from a trip to Virginia. (Deposition of Edward Dixon, p. 108).

The bus sustained a blown tire in Baton Rouge on I-10 between the Acadian Thruway exit and the College Drive exit. (Hester Depo., p. 17). Hester exited the traffic lane and merged onto the shoulder. Hester then contacted maintenance and informed them that he had a blowout and where he was located. Greyhound then contacted Southern Tire Mart, LLC ("Southern Tire") to change the tire. Defendants claim that Hester did not assist, supervise, have any involvement or exercise any control over the changing of the tire. (Hester Depo, p. 18-19).

Plaintiff Dixon claims that Hester was driving over the speed limit and "a little out of hand." (Dixon Depo., p. 110). Plaintiff claims that the defendant Hester drove over the "bumps" on the road (i.e., the rumble strip) several times when Dixon heard the tire blowout. The Plaintiff claims that the bus filled with burn rubber tire smoke and that Hester drove about two miles like that.

Hester testified that he told the passengers that he had a blowout. (Hester Depo., p. 19). Plaintiff Dixon testified that passengers were not allowed to evacuate the bus despite the smoke and foul odor and that Hester said, if the passengers left the bus, they would not be allowed to return. (Dixon Depo., p. 113).

Plaintiff went to the bathroom, and on his way back he felt the bus jacking up. (Dixon Depo., p. 113). As he was making his way back to his seat, the jack allegedly went out. (Id., p. 116). Plaintiff Dixon was knocked to the floor and allegedly sustained injuries. Defendants emphasize that, prior to Southern Tire jacking the car up, Plaintiff had no injuries. (Dixon Depo., p. 135-36, 138).

Plaintiff sued Greyhound, Hester, and GLI. Defendants contend – and Plaintiff does not dispute – that GLI is merely a Third-Party Administrator of claims brought against Greyhound.

GLI did not own or operate the bus involved in the accident. (Affidavit of James Dickson). GLI is not an insurance company and issued no policies relevant to this case. (Id.)

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little,* 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to

the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991).

### B. The Common Carrier Standard

"The law of negligence as it relates to common carriers is fairly well-settled in Louisiana[.] … Louisiana uses a duty/risk analysis, which requires that four elements be proved: (1) cause-in-fact, (2) existence of a legal duty, (3) breach of that duty, and (4) that 'the risk, and harm caused, [were] within the scope of protection afforded by the duty breached.'" *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771 (5th Cir. 2003) (quoting *Roberts v. Benoit*, 605 So.2d 1032, 1041 (La. 1991)).

In contrast to the basic duty of reasonable care ordinarily required, however, the duty imposed on common carriers toward passengers in Louisiana is "stringent". *Felton*, 324 F.3d at 772 (citations omitted). Because of this heightened duty to provide safe passage, the Louisiana Supreme Court has created a significant procedural advantage for plaintiffs by shifting the burden of proof to the common carrier defendant once the passenger plaintiff shows an injury. *Id.* In *Galland v. New Orleans Public Service, Inc.,* the court ruled that "the mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincing by overcoming the prima facie case." *Id.* (quoting *Galland v. New Orleans Pub. Serv. Inc.*, 377 So.2d 84, 85 (La. 1979)). This means, as Louisiana's highest court went on to explain, that the common carrier defendant has the burden to show either "that the incident had not occurred, or that the defendant had exercised reasonable care in discharging the plaintiff or that any negligence on its part was not the legal cause of the plaintiff's mishap." *Id.* (quoting

4

*Galland v. New Orleans Pub. Serv. Inc.*, 377 So.2d 84, 85-86 (La. 1979)). It is also well-settled, however, that a common carrier is not the insurer of its passengers' safety and that the law does not make the common carrier absolutely liable for its passengers' accidental injuries. *Id.* (citations omitted).

*Galland* instructs that the duty of the common carrier is so high that any showing of injury that occurs while the passenger is entering, traveling on, or getting off a bus creates a presumptive case of negligence. *Id. Galland* indicates further that the defendant must offer evidence to rebut the presumption that its behavior breached this duty of care. *Id.* The onus on the defendant is not so much to disprove the duty, but to show that, as a common carrier, it acted with sufficient care in spite of the occurrence of the injury. *Id.* Thus, whether a particular set of facts violates this heightened duty or remains outside the ambit of common carrier liability altogether depends on the discrete facts and circumstances of the case and the extent of the exculpatory evidence produced by the defendant. *Id.*

*Felton* also recognizes that, "although by itself neither the presence nor absence of a safety manual provision can establish or preclude the existence of a legal duty, Louisiana law suggests that the presence of a safety provision can *confirm* a duty." *Id.* at 777. The *Felton* court went on to find that Greyhound's rules confirmed a finding of a duty in the case because the risk from which an injury occurred was aligned with the risk that the safety manual was aimed at mitigating. *Id.* at 777 n. 34.

**C.     Analysis**

Here, Plaintiff and Defendants agree that the Plaintiff was injured while travelling. Thus, the burden shifts to the Defendants to overcome the prima facie showing of negligence and to prove that any negligence on its part was not the legal cause of the plaintiff's mishap.

5

Defendants attempt to do so by stating that Hester did not assist, supervise, have any involvement or exercise any control over the changing of the tire. (Hester Depo, p. 18-19). This fact absolves Defendants of any liability for the changing of the tire.

Plaintiff, on the other hand, alleges several other distinct instances of negligence. These include (1) reckless driving that caused the blowout; (2) violating Greyhound's Emergency procedures by not evacuating the bus and by parking on the Interstate; and (3) "spoilating" evidence by not providing injury forms and failing to complete post-trip accident reporting forms. Additionally, regardless of the contents of the Greyhound policies, Defendants were potentially negligent in failing to evacuate the bus given the alleged smoke, smell, and flat tire. Each of these will be addressed in turn.

### (1) As a matter of law, reckless Driving was not the legal cause of Plaintiff's injuries.

Without offering any actual evidence, Plaintiffs argue that Defendants' reckless driving and speeding caused the blowout. Defendants contend that the reckless driving was not a legal cause of Plaintiff's injuries because Plaintiff testified that he was "okay" after the bus came to a stop. (Dixon Depo, p. 138). Defendants essentially contend that jacking the car was the sole legal cause of the injuries.

The real issue here is whether the jacking was an intervening cause. The Louisiana Supreme Court recently explained:

> An intervening cause is one which comes into play after the defendant's negligent conduct has ceased, but before the plaintiff suffers injury. In situations in which there is an intervening force that comes into play to produce the plaintiff's injury (or more than one cause of an accident), it has generally been held that the initial tortfeasor will not be relieved of the consequences of his or her negligence unless the intervening cause superceded the original negligence and alone produced the injury. If the original tortfeasor could or should have reasonably foreseen that the accident might occur, he or she will be liable notwithstanding the intervening

cause. In sum, foreseeable intervening forces are within the scope of the original
risk, and hence of the original tortfeasor's negligence.

*Adams v. Rhodia, Inc.*, 2007-2110 (La. 5/21/08), 983 So.2d 798, 808 (internal citations omitted).

Thus, the issue is whether it was reasonably foreseeable when Hester was driving recklessly and over the rumbling strip that he would get a flat tire, that the passengers would remain on the vehicle while the tire was being changed, that the bus would fall off the jack, and that the Plaintiff would fall and injure himself.

The Court concludes that it was not reasonably foreseeable – and that a reasonable jury could not conclude - that the bus would get a flat tire and that the bus would fall off the jack, causing Plaintiff injuries. The Court bases its decision in part on the fact that the Plaintiff has submitted no evidence to show that the alleged speeding and reckless driving in fact caused the flat tire.

This decision is further based on other legal cause principles. The Louisiana Supreme Court has also explained:

> Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty." "The scope of protection inquiry asks 'whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner.' " Although we have unequivocally stated "the determination of legal cause involves a purely legal question,", this legal determination depends on factual determinations of foreseeability and ease of association.

*Rando v. Anco Insulations Inc.*, 2008-1163 (La. 5/22/09), 16 So.3d 1065, 1088 (internal citations omitted). The Supreme Court has similarly explained:

> Just because a risk may foreseeably arise by reason of conduct, it is not necessarily within the scope of the duty owed because of that conduct. Neither are all risks excluded from the scope of duty simply because they are unforeseeable. The ease of association of the injury with the rule relied upon, however, is always a proper inquiry.

7

*Hill v. Lundin & Associates, Inc.*, 260 La. 542, 549, 256 So.2d 620, 622 (La. 1972).

Here, the type of harm caused (i.e., falling down on the bus when the bus fell off the jack) was not one within the scope of the duty of driving safely. There is little ease of association between these two facts. Further, the duty to drive carefully was not intended to protect bus passengers from falling down on the bus because third persons negligently changed the tire.

In sum, Southern Tire's alleged negligence was the superceding cause here. Accordingly, Defendants' Motion for Summary Judgment on this issue is granted.

### (2) Plaintiff has an opportunity to submit further evidence concerning the Greyhound policies.

Plaintiff contends that the Defendants violated several of Greyhound's policies and procedures by, among other things, not evacuating the bus. Citing to new evidence, Defendants respond by stating that the policies are not applicable to flat tires and that there is no Greyhound mandate or corporate policy that a driver evacuate his/her bus after sustaining a flat tire or blow out. (Affidavit of Alan Smith).

As explained above, under *Felton*, a policy or manual can be the basis of a legal duty, particularly if the risk from which an injury occurred was aligned with the risk that the safety manual was aimed at mitigating. Thus, if Greyhound's policies or training manual addresses what to do here – i.e., when there is a flat tire on the interstate and (construing the facts in the light most favorable to plaintiff) the cabin is filled with smoke – then there are questions of fact that preclude summary judgment.

An additional evidentiary problem concerning this issue also prevents the Court from being able to rule at this time. Specifically, Greyhound has attached new evidence to its Reply

Memorandum in the form of the Affidavit of Alan F. Smith, who purports to explain the meaning of the Greyhound Policies submitted by the Plaintiff.

Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief. *See Doe ex rel. Doe v. Beaumont Independent School District*, 173 F.3d 274, 299 n. 13 (5th Cir.1999)). However, a court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir.2004).

In sum, the Court finds that there are questions of fact as to the meaning and intent of the Greyhound policies and as to whether the Defendants were negligent in violating said policies. Plaintiff should be granted additional time for discovery on these issues. Accordingly, summary judgment on these issues is hereby denied.[1]

### (3) As a matter of law, "spoilating" and the other forms were not the legal cause of Plaintiff's injuries.

Defendants have successfully shown that the alleged spoliation was not a legal cause of plaintiff's injuries. Hester's failure to fill out the accident report/C-4 form is not relevant to the Plaintiff's injuries, nor is Hester's failure to fill out the M-7 report. Finally, Greyhound's alleged failure to investigate the incident has no bearing on the causation of Plaintiff's injuries.

---

[1] Plaintiff also failed to authenticate by affidavit or declaration the Greyhound policies at issue, and Greyhound objected to the use of those policies. [R.Doc. 44, p. 3 n 12]. Ordinarily, such a failure would be cause to strike the documents. See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2722 (3d ed. 2014); *Pantanelli v. State Farm Ins. Co.*, No. 06-11432, 2008 WL 2067012, at *2 (E.D. La. 2008); *Select Portfolio Servicing, Inc. v. Allstate Ins. Co., Inc.*, No. 06-10564, 2007 WL 4301716, at *2-*3 (E.D.La. 2007). Alternatively, the Court could grant Plaintiff an opportunity to supplement the record. Fed.R.Civ.P. 56(e).

But Defendants appear to have authenticated these documents through the Affidavit of Alan Smith. [R.Doc. 44-2] ("I am familiar with the Driver Training Phase I Student Guide and Driver Training Phase II Student Guide attached as Exhibits 4 and 5 respectively, to Edward Dixon's Opposition … (R. Doc. No. 42)…"). Further, Defendants certainly treat these documents as though they were genuine and were what they purport to be. Thus, Plaintiff need not authenticate these documents, though he may conduct additional discovery to ascertain the documents' meaning.

In short, Plaintiff's injuries would have happened, regardless of Defendant's pre-trip or post-accident conduct in these regards. Accordingly, the Court grants summary judgment as to these claims.

### (4) Regardless of the policies, questions of fact exist concerning whether the Defendants were negligent in failing to evacuate the bus.

Regardless of the contents of Greyhound's policies, a reasonable trier of fact could conclude that the Defendants were negligent in failing to evacuate the bus given the flat tire and the alleged smoke. There is clearly an ease of association between the failure to evacuate and Plaintiff's injuries. Further, this issue of intervening and superceding cause is much closer than the one discussed above, and "issues of proximate causation and superseding cause [require] application of law to fact, which is left to the fact finder, subject to limited review." *Lafrance v. C.S.F. & T., Inc.*, No. 98-2848, 1999 WL 1009825, at *2 (E.D. La. 1999)(citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 840, 116 S.Ct. 1813, 1819 (1996)). Accordingly, given the questions of fact that exist, the Court will deny summary judgment on this issue as well.

### D. GLI is dismissed from this case, but Defendants are denied costs and attorneys' fees.

Defendants present evidence that GLI is merely a Third-Party Administrator of claims brought against Greyhound, that GLI is not an insurer, and that GLI has issued no insurance policy in this case. (Affidavit of James Dickson). Plaintiff's opposition does not address and appears to concede this argument. Accordingly, GLI is hereby dismissed.

Defendants also seek costs and attorneys' fees for Plaintiff's frivolous claims against GLI. Defendants submit correspondence between the parties demonstrating that Plaintiff knew GLI was not a proper defendant and simply failed to dismiss them.

However, the Defendants failed to follow the procedures under Fed.R.Civ.P. 11(c)(2) for Motions for Sanctions. Specifically, the Defendants failed to file separately a motion for sanctions, failed to serve the motion under Rule 5, and failed to provide the 21-day "safe harbor." Accordingly, Defendants request for costs and attorneys' fees are denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment as to Plaintiff's claims that Defendants were negligent by violating Greyhound's corporate policies and by failing to evacuate the bus is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims of negligence against all Defendants are **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against GLI Corporate Risk Solutions are hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Defendants' request for costs and attorney fees' is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>September 16, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**