UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD D. DIXON | CIVIL ACTION |
| VERSUS | NO. 13-179-JWD-RLB |
| GREYHOUND LINES, INC. et al | |

# ORDER

Before the Court is a "Motion to Quash, Request for Expedited Hearing, and Sanctions" filed by defendants Greyhound Lines, Inc. ("Greyhound") and James Hester. (R. Doc. 51).

A scheduling order was issued in this case on October 4, 2013. The deadlines in the Scheduling Order were based partly on those provided by the parties and specifically discussed by the parties at the scheduling conference. (R. Doc. 20). The deadline to complete all fact discovery was June 2, 2014. The deadline to complete expert discovery was September 2, 2014. Plaintiff had previously requested an extension of the deadline for fact discovery and that request was denied. (R. Doc. 34). Plaintiff's lack of diligence in pursuing this matter is covered in that order and will not be repeated here. Plaintiff appealed that denial to the district judge and that appeal was also denied. (R. Doc. 36).

Following the close of fact discovery and within the deadline to file dispositive motions, defendants filed a motion for summary judgment. (R. Doc. 38). The motion was granted in part and denied in part. (R. Doc. 46). In that Ruling and Order, the district judge noted that "Greyhound has attached new evidence to its Reply Memorandum in the form of the Affidavit of Alan F. Smith" and that plaintiff should be given an opportunity to respond. (R. Doc. 46 at 8-9). Two days later, on September 18, 2014, the district judge entered the following text entry:

> "The Court seeks to clarify its prior ruling [R.Doc. 46]. Given the deadlines currently in place, the only additional discovery that will be allowed is that Plaintiff Edward D. Dixon may take the deposition of the Defendants' Affiant, Alan F. Smith. See R. Doc. 45-4. Plaintiff shall have thirty (30) days to take said deposition, if he so chooses." (R. Doc. 47).

The parties agreed to conduct the deposition of Mr. Smith on October 3, 2014 beginning at 10:00 a.m. (R. Doc. 51-1 at 4; R. Doc. 51-7). The deadlines for all other discovery have expired. The court has ordered a very limited amount of additional discovery in the form of a single deposition. There is no ambiguity. Plaintiff may only take the deposition of Alan F. Smith.

Despite the previous denial of the extended discovery period and despite the clear language of the district judge's entry on September 18, 2014, Plaintiff's counsel, Patrick Daniel, noticed a deposition of Greyhound and requesting records pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure "for the purposes of perpetuation of document production" for October 3, 2014. (R. Doc. 51-2). Patrick Daniel also noticed a Rule 30(b)(6) deposition of Greyhound that was specifically addressed to Alan Smith as the authorized corporate representative of Greyhound. Both of these notices were sent on October 1, 2014. Both deposition notices contained an addendum requiring the production of 31 different categories of records. Some of these categories involved as many as 19 subparts.

That same day, emails were exchanged between counsel addressing the scope of permissible discovery. (R. Doc. 51-5). Attempts to resolve this matter without court intervention were unsuccessful leading to the instant motion. Although styled as a Motion to Quash, considering the nature of the relief requested and that it seeks an order in the court where the action is pending, the court will consider the request as a motion for a protective order forbidding the untimely discovery at issue.

The deposition of Mr. Smith is scheduled tomorrow morning.[1] It is without question that the document requests attached to the deposition notice as well as any deposition directed to anyone other than Mr. Smith is beyond the scope of permitted discovery and directly contrary to that order. Any such discovery is untimely and impermissible. The court in this case has taken steps to control both the timing and the scope of discovery in this matter. Those steps have been disregarded by plaintiff's counsel. Plaintiff may take the deposition of Mr. Smith as permitted by the district court and in accordance with those orders. Any other discovery issued by Plaintiff or Patrick Daniel, in any form and directed to any person or entity in this matter, is in direct violation of those orders.

Accordingly, the Motion to Quash and request for expedited consideration (R. Doc. 51) is hereby **GRANTED.** Any request for documents and any deposition notice that goes beyond the deposition of Mr. Smith will not be permitted. The deposition of Mr. Smith may proceed on October 3, 2014 as scheduled.

The motion also requests that sanctions be ordered against plaintiff. To the extent that sanctions may be appropriate or permissible under Rule 26 and/or Rule 37 of the Federal Rules of Civil Procedure, imposition of sanctions requires "an opportunity to be heard." To the extent the court was to order reasonable expenses incurred in making the motion, Defendants have not provided any information regarding the amount of such expenses. Defendants are **ORDERED** to file an affidavit of reasonable expenses incurred in bringing this Motion, including attorney's fees setting forth time and hourly rate, no later than **October 6, 2014**. Plaintiff shall file a

---

[1] Due to the depositions being noticed two days prior to the date of the deposition and the instant motion being filed the day before, the court did not have sufficient time to conduct a hearing in this matter. An attempt to schedule a telephone conference was met with concerns from Plaintiff's counsel that such conference would not be recorded and could be problematic if he sought review by the Fifth Circuit. For these reasons, this order will be restricted to the scope of permitted discovery only and both sides will be permitted to address any remaining matters in subsequent filings.

response, if desired, not later than **October 10, 2014**, regarding the imposition of sanctions, including whether the plaintiff's position was substantially justified or the imposition of sanctions would be unjust. Plaintiff's response may also address whether Defendant's affidavit of expenses is reasonable.

Signed in Baton Rouge, Louisiana, on October 2, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**