# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD D. DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-179-JWD-RLB** |
| **GREYHOUND LINES, INC., GLI CORPORATE RISK SOLUTIONS, AND JAMES HESTER** | |

## RULING AND ORDER ON PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR EXTENSION

Before the Court is Plaintiff Edward Dixon's Motion for Extension of Deadlines (R. Doc. 49), and Plaintiff's Motion to Compel a non-party, Dr. Meredith Warner, to comply with a Rule 45 subpoena (R. Doc. 48). Plaintiff filed both his Motion to Compel (R. Doc. 48) and his Motion to Extend (R. Doc. 49) on September 25, 2014. Defendants filed Memoranda in Opposition to both Motions. (Defs.' Opp'n to Pl.'s Mot. to Compel, R. Doc. 63); (Defs.' Opp'n to Pl.'s Mot. to Extend, R. Doc. 50).[1] Defendants' medical expert, Dr. Meredith Warner, also filed an Opposition (R. Doc. 74) to Plaintiff's Motion to Compel.

---

[1] Defendants filed an Opposition (R. Doc. 63) to Plaintiff's Motion to Compel (R. Doc. 48) Dr. Warner's responses to his Rule 45 subpoena. In their Opposition, Defendants argue that Plaintiff's requests "are overly broad, unduly burdensome, and seek" irrelevant information that is beyond the scope of permissible discovery. (R. Doc. 63 at 1). Generally, a party does not have standing to challenge a subpoena issued to a non-party, "unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 1998). Here, Defendants do not claim to have any personal right or privilege in the requested documents. Despite Defendants' objections, as a party to this lawsuit, they "cannot challenge a Rule 45 subpoena directed to a third party on the basis . . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant." *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. March 12, 2012); *see also Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) (defendants had standing to challenge third-party subpoenas seeking their

For the reasons set forth below, the Motion to Compel (R. Doc. 48) is **DENIED**. The Motion to Extend (R. Doc. 49) is **GRANTED IN PART AND DENIED IN PART**.

I.  BACKGROUND

In this personal injury action, Plaintiff claims he sustained injuries to his back and knee (R. Doc. 21-9) while traveling as a passenger on a Greyhound bus on January 3, 2012. (R. Doc. 1-1). Following removal, the Court issued a Scheduling Order (R. Doc. 20) on October 3, 2013, based on dates proposed by the parties (R. Docs. 16 and 19). The Scheduling Order required the parties to complete expert discovery by September 2, 2014 and to file both *Daubert* and dispositive motions by October 1, 2014. (R. Doc. 20 at 2).

On February 9, 2014, Plaintiff underwent an independent medical examination conducted by Defendants' medical expert, Dr. Meredith Warner. (R. Doc. 74 at 1). On August 27, 2014, Plaintiff served Dr. Warner with Rule 45 subpoenas commanding her to produce documents by September 5, 2014 (R. Doc. 49-3 at 3) and appear for a deposition on September 29, 2014 (R. Doc. 49-3 at 7). On September 5, 2014, Dr. Warner partially objected to the subpoena to produce documents. (R. Doc. 74-2). Although she did not object to the September 29, 2014 deposition, Dr. Warner's deposition has yet to take place.

On September 25, 2014, three weeks after Dr. Warner's September 5, 2014 objections, Plaintiff moved the Court to extend the September 2, 2014 expert discovery deadline and October 1, 2014 *Daubert*/dispositive motions deadline. (R. Doc. 49). Plaintiff simultaneously filed a Motion to Compel production of the documents requested in his Rule 45 subpoena to Dr. Warner. (R. Doc. 48).

---

bank records, but otherwise lacked standing to challenge other subpoenas as irrelevant and unduly burdensome to the subpoenaed non-party).

## II. LEGAL STANDARD

### A. Motion for Extension of the Scheduling Order Deadlines

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003) (citation omitted). "In other words, the party who seeks to modify a scheduling order deadline must show that, despite acting diligently, it will still be unable to meet that deadline." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492 (S.D. Tex. 2009). For obvious reasons, the standard focuses on the diligence of the party seeking the modification to the scheduling order.

### B. Motion to Compel

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible is reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)) (alterations in original).

Rule 45 governs discovery from non-parties through the issuance of subpoenas. Rule 45 subpoenas are subject to the same discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1)."). The party issuing the subpoena "must take reasonable steps to avoid

imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Additionally, Rule 45 provides that, on a timely motion, the issuing court must quash or modify a subpoena if it fails to allow a reasonable time to respond, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3).

## III. DISCUSSION

### A. Deposition of Dr. Meredith Warner

Plaintiff moves the Court to compel the deposition of Defendants' medical expert, Dr. Meredith Warner (R. Doc. 48), and to extend the expert discovery deadline to conduct the deposition (R. Doc. 49). On August 27, 2014, Plaintiff served Dr. Warner with a Rule 45 subpoena commanding her to appear for a deposition on September 29, 2014 (R. Doc. 49-3 at 7). The deadline for completing expert discovery expired on September 2, 2014. However, Plaintiff waited until August 27, 2014 to serve Dr. Warner with a deposition subpoena, which required compliance beyond the September 2, 2014 deadline. According to Plaintiff, he was unable to depose Dr. Warner within the established deadline because Dr. Warner was not available for deposition until September 29, 2014. (R. Doc. 49-1 at 2). While Plaintiff offers nothing to corroborate these scheduling issues, Defendants have advised the Court of the parties' agreement to depose Dr. Warner outside of the discovery deadline and have no objection to extending the deadline for this purpose. (R. Doc. 50). Because the parties had to accommodate Dr. Warner's schedule in ultimately setting her deposition, and these circumstances were seemingly beyond Plaintiff's control, the Court finds good cause to extend the expert discovery deadline for the sole purpose of taking Dr. Warner's deposition. Moreover, neither Defendants nor Dr. Warner object to conducting the deposition outside of the established deadline. Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Extend (R. Doc. 49) is **GRANTED in part**, but **only** as it pertains to taking the deposition of Dr. Meredith Warner outside of the September 2, 2014 expert discovery deadline.

The Plaintiff has until **December 12, 2014** to **depose** Dr. Meredith Warner. Plaintiff shall obtain available dates from Dr. Warner and the parties must **confer** and **agree** upon a date for the deposition by **November 26, 2014**.

To be clear, this Order **only** permits Plaintiff to take the oral deposition of Dr. Meredith Warner outside of the original September 2, 2014 expert discovery deadline. This Order **does not** permit Plaintiff to take any other depositions, or to obtain any written discovery from Dr. Warner or any other person, including a party or its expert.

**B.     Written Discovery**

Plaintiff next moves the Court to compel Dr. Warner to produce documents in response to his Rule 45 subpoena, and to extend the expert discovery deadline in connection with that subpoena. On August 27, 2014, Plaintiff served Dr. Warner with a subpoena commanding her to produce numerous categories of documents by September 5, 2014. The subpoena mainly sought documents relevant to Dr. Warner's bias as an expert, if any. Dr. Warner responded on September 5, 2014 by refusing to produce certain documents as privileged. Otherwise, Dr. Warner explained her willingness to produce any non-objectionable documents if Plaintiff agreed to pay costs. (R. Docs. 72-3, 72-4). Plaintiff then moved to compel production of the documents.[2] (R. Doc. 48-1 at 6). Based on the record, the Court finds Plaintiff's document

---

[2] Plaintiff served Dr. Warner with 44 requests for production, which he divided among 6 separate categories. (R. Doc. 48-3 at 13-15). Three of those categories — Request Nos. 3, 5 and 6 — were directly relevant to Dr. Warner's expert bias, if any, and covered a broad scope of information. (R. Doc. 48-3 at 14-15) (Request No. 3: Prior Expert Work; Request No. 5: Bias and Contractual Affiliation; and Request No. 6: Income from Opinions). According to Dr. Warner, the only documents that remain in dispute are those responsive to Request No. 3(c). (R. Doc. 74 at 2). Considering the scope of materials requested (R. Doc. 48-3 at 13-15) — the majority of which have been provided

5

requests were untimely, and that this defect cannot be cured, as Plaintiff has not shown good cause for an extension of the expert discovery deadline in this respect.

To begin, Plaintiff has known of Defendants' intention to use Dr. Warner as their examining medical and trial expert since April 1, 2013. (R. Docs. 21-11, 21-12). Plaintiff has also known that Dr. Warner would perform his independent medical examination, at Defendants' request, since January 6, 2014. (R. Doc. 23) (Order compelling Plaintiff to submit to IME with Dr. Warner); (R. Doc. 74 at 1) (IME performed on February 9, 2014). Finally, Defendants formally named Dr. Warner as their medical expert for trial on May 23, 2014. (R. Doc. 33). Yet despite having notice of Dr. Warner's expert designation and her intended testimony as early as April 1, 2013, Plaintiff waited until August 27, 2014 to serve Dr. Warner with a subpoena requesting the production of documents. (R. Doc. 48-3 at 16).

Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline. In other words, the discovery was untimely as it could not have been *completed* within the expert discovery deadline. *See, e.g.*, *Hall v. State of Louisiana*, 2014 WL at 2560715, at *1 (M.D. La. June 6, 2014) (discovery untimely as responses would be due after deadline and refusing to "condone a party's ability to, at its whim, modify the discovery timeframes to its opponent's detriment by propounding discovery at the eleventh hour"); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (requests under Rule 34 "must be served at least thirty days prior to the completion of discovery" to be considered timely) (citing *Smith v. Principal Cas. Ins. Co*., 131 F.R.D. 104, 105 (S.D. Miss. 1990) (time to comply with discovery requests must be within discovery deadline)); *see also Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (document

---

(R. Doc. 74 at 2) — as well as Plaintiff's ability to depose Dr. Warner, Plaintiff has ample information and opportunity to explore any alleged bias on the part of Dr. Warner.

requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (i.e., thirty days from service of the Rule 34 request, or January 23, 2008)"). And so, Plaintiff's Motion to Compel Dr. Warner to produce documents responsive to his Rule 45 subpoena must be denied as the requests were untimely.

Not only did the subpoena not allow for compliance within the expert discovery deadline, the actual time for compliance was also unduly burdensome. Plaintiff served Dr. Warner on August 27, 2014 with a subpoena that required her to produce documents by September 5, 2014. Essentially, Plaintiff unreasonably gave Dr. Warner only 9 days to comply. This unreasonableness is compounded by the fact that Labor Day Weekend accounted for 3 of those 9 days. *See Thomas*, 2008 WL 695230, at *3 & n.10 (15 days was inadequate, especially considering the Christmas holiday fell within those 15 days). And so, the subpoena must additionally be quashed as it failed to "allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i); *see also Hall v. Louisiana*, 2014 WL 1652791, at *13 (M.D. La. April 23, 2014) (quashing subpoenas that gave non-parties between 12 and 9 days to comply because the "timeframes are clearly unreasonable, particularly when the 14 day period for serving objections under [Rule 45(d)(2)(B)] is generally considered a reasonable time"); *Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc*., 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004) (on its face, 14 days to respond to subpoena to produce documents is generally considered reasonable, but reasonableness may vary depending on the circumstances of each case); *Hernandez v. City of Corpus Christi*, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena duces tecum that gave 10 days for compliance).

The last defect warranting a denial of Plaintiff's Motion to Compel, as it relates to the production of documents, is the untimeliness of the Motion itself. Plaintiff received Dr.

Warner's objections to his subpoena duces tecum on September 5, 2014. Even knowing the deadline for completing expert discovery had expired, Plaintiff waited 3 weeks before seeking the Court's assistance. In his Motion to Compel, he neither addresses nor makes any effort to explain this delay. Moreover, Dr. Warner explains that Plaintiff never responded to her September 5, 2014 objection and did not contact her about this discovery issue until September 23, 2014. Therefore, Plaintiff's Motion to Compel is untimely to the extent it seeks an order compelling documents from Dr. Warner. *See Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (citing plaintiff's "unexplained delay in seeking the court's assistance in compelling discovery" as a ground for denying plaintiff's motion to compel); *Vann v. Gilbert*, 482 F. App'x 876, 878-79 (5th Cir. 2012) (district court did not abuse its discretion in denying plaintiff's motion to compel filed after the close of discovery, where deadline had already been extended and plaintiff offered no explanation for not timely requesting discovery); *Days Inn Worlwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006) ("[C]ourts generally looked to the deadline for completion of discovery in considering whether a motion to compel has been timely filed.") (collecting cases); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril."). Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 48) **DENIED** to the extent it seeks an order compelling Dr. Warner to produce any additional documents in response to his Rule 45 subpoena.

The Court now turns to Plaintiff's Motion to Extend the expert discovery deadline, as it relates to the production of documents requested from Dr. Warner, and finds it must likewise be denied.

First, Plaintiff has not established good cause for his inability to request the documents in compliance with the Court's Scheduling Order. (R. Doc. 49). In his Motion to Extend, Plaintiff focuses on the parties' difficulties in setting Dr. Warner's deposition. (R. Doc. 49). Plaintiff gives no explanation for his inability to request documents from Dr. Warner within the expert discovery deadline. However, in his Motion to Compel, Plaintiff explains:

> Following the Plaintiff's appointment with [Dr. Warner] and receipt of the report, it was discovered that [Dr. Warner] is a doctor who earns her income providing defense medical examinations for insurance companies. It was further discovered that [Dr. Warner] always disputes the diagnosis and/or care provided by the Plaintiff's treating physician. Obviously, by disputing, minimizing, or disagreeing with the treating physician, [Dr. Warner] provides a service beneficial to the insurer who hired her. Thus, the presence of Medical Expert bias in the Defendant's expert is a pivotal issue.

(R. Doc. 48-1 at 2). This explanation, however, is too vague to support a finding of good cause and warrant a modification of the Court's Scheduling Order.

Plaintiff does not disclose when or how he learned of Dr. Warner's alleged bias, despite that information being well within his knowledge. Moreover, Dr. Warner examined Plaintiff on February 8, 2014 — almost 8 months before Plaintiff served his discovery requests. Without more information, the Court will not assume that, despite his best efforts, over a period of 8 months Plaintiff was unable to conduct discovery relative to Dr. Warner's alleged biases.[3] Instead, it is clear that Plaintiff's own lack of diligence resulted in his efforts to conduct this discovery at the last minute. Plaintiff has failed to act in accordance with Court-established

---

[3] Again, Plaintiff has received a majority of the documents he requested from Dr. Warner, which cover a broad scope of information relative to Dr. Warner's bias, if any. *See* sources cited *supra* note 2. Moreover, Plaintiff will further be able to explore Dr. Warner's alleged bias at her deposition. *See supra* note 2 and accompanying text.

9

deadlines, without explanation. *See Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008) (Appellate courts "afford district courts a great deal of deference in determining whether to modify scheduling orders, especially where, as here, the record suggests that the movant repeatedly demonstrated a lack of diligence."); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (Even if a party establishes excusable neglect, "the court still has the inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion.").

Plaintiff characterizes this discovery as "pivotal," and for that reason, suggests an extension must be granted. But Plaintiff's reasoning is flawed — the claimed importance of Dr. Warner's potential bias does little more than highlight Plaintiff's lack of diligence and underscores his need to comply with the Court's expert discovery deadline. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) ("The claimed importance of expert testimony underscores the need for Geiserman to have" complied with the scheduling order's expert deadlines.); *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction."). Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Extend the Scheduling Order Deadlines (R. Doc. 49) is **DENIED in part** to the extent it seeks an order extending the expert discovery deadline to obtain documents from Dr. Warner, or to otherwise conduct any discovery other than the deposition addressed above.

    C.    **Extension of *Daubert* and Dispositive Motions Deadline**

As a final matter, Plaintiff asks the Court to extend the October 1, 2014 deadline for filing both dispositive and *Daubert* motions. Since that filing, Plaintiff has filed a dispositive

motion (R. Doc. 61) and it has been denied by the district judge. (R. Doc. 70).  Defendants had already filed a motion for summary judgment (R. Doc. 38) and that motion has likewise been ruled upon. (R. Doc. 46).  Plaintiff's request to extend the dispositive motion deadline is therefore moot as both parties have already filed dispositive motions.  However, the Court will extend the deadline for filing *Daubert* motions, as Dr. Warner's deposition has not been conducted.  Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Extend is **GRANTED in part** to the extent Plaintiff seeks a modification of the *Daubert* motion deadline only.  The parties have until **7 days** following the deposition of Dr. Warner to file any *Daubert* motions.

Signed in Baton Rouge, Louisiana, on November 19, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**