**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD D. DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-179-JWD-RLB** |
| **GREYHOUND LINES, INC., GLI CORPORATE RISK SOLUTIONS, AND JAMES HESTER** | |

**RULING AND ORDER**

Before the Court is Defendants' Motion to Quash, Request for Expedited Hearing, and Sanctions (R. Doc. 51). The only matter remaining for the Court's consideration is the request for sanctions.

After the close of fact discovery, Defendants filed a Motion for Summary Judgment (R. Doc. 38), and submitted the affidavit of Alan F. Smith in support of that Motion. In its Order partially granting summary judgment (R. Doc. 46), the district court found that Plaintiff should have an opportunity to explore the statements made by Alan F. Smith in his affidavit. (R. Doc. 46). Two days later, the district judge entered a text entry clarifying its previous Order:

> [T]he only additional discovery that will be allowed is that Plaintiff Edward D. Dixon may take the deposition of the Defendants' Affiant, Alan F. Smith. Plaintiff shall have thirty (30) days to take said deposition, if he so chooses.

(R. Doc. 47).

The parties convened and agreed to take the deposition of Mr. Smith on October 3, 2014. (R. Doc. 52 at 2). Correspondence between the parties indicates their discussions were limited to the deposition of Mr. Smith. (R. Docs. 51-3, 51-7). On October 1, 2014, Plaintiff sent a Notice

of Deposition confirming the October 3, 2014 deposition of Mr. Smith. (R. Doc. 51-3). However, beyond the parties' agreement and the district judge's Order, Plaintiff noticed an additional October 3, 2014 deposition of Greyhound, and requested that both Mr. Smith and Greyhound produce numerous categories of documents by the same day. (R. Doc. 52). On October 2, 2014, Defendants filed the instant Motion seeking an order quashing the deposition of Greyhound and both requests for documents, and imposing sanctions against Plaintiff for reasonable expenses and attorney's fees.

Later that day, this Court issued an Order quashing the deposition of Greyhound and both requests for documents. (R. Doc. 52). These requests were clearly beyond the scope of the district judge's order, which only permitted "a very limited amount of additional discovery" — the deposition of Mr. Smith. (R. Doc. 52). The Court deferred its ruling on the request for sanctions as Defendants failed to submit any information regarding expenses incurred in bringing the Motion. (R. Doc. 52 at 3-4). In accordance with Rule 37 of the Federal Rules of Civil Procedure, Defendants were ordered to provide an affidavit of reasonable expenses, to which Plaintiff had an opportunity to respond. (R. Doc. 52 at 3-4).

On October 6, 2014, Defendants timely submitted their Affidavit claiming $777.40 in fees for the work of two attorneys. (R. Doc. 54).

In response to the Motion and Affidavit, Plaintiff argues the request for sanctions is now moot as he withdrew his notice of deposition and document requests to Greyhound. (R. Doc. 59 at 1). Otherwise, Plaintiff maintains his 31 requests for documents to Alan Smith were appropriate as the district judge in "no way" prohibited "Plaintiff from requesting additional

documents of any type" — i.e., the Order "was silent as to . . . any corresponding document production." (R. Doc. 59 at 2, 4). Plaintiff's insistence is not convincing.[1]

By continuing to argue that only his discovery requests to Greyhound were impermissible, Plaintiff willfully disregards this Court's earlier finding that:

> It is without question that the document requests [to Mr. Smith and Greyhound] . . . as well as any deposition directed to anyone other than Mr. Smith is *beyond* the scope of permitted discovery and directly contrary to [the district judge's] order.

(R. Doc. 52 at 3). Given the lack of ambiguity in the district judge's Order, the Court again finds Plaintiff's interpretation of that Order was not objectively reasonable. (R. Doc. 47). This finding is further supported by the discovery tactics of Plaintiff's counsel.

In the days preceding the impermissible requests, discussions between counsel for both parties show that the parties only anticipated deposing Alan Smith, "[i]n light of Judge deGravelles ruling." (R. Doc. 51-6). The parties did not contemplate any other discovery at that time. Moreover, when Plaintiff emailed the Notices to Defendants at 4:02 p.m. on October 1st — less than 2 days before the scheduled deposition — he inaccurately described the attached discovery as the "Notice of Deposition for Alan Smith." (R. Doc. 51-3 at 1). In reality, the attachment included two Notices and two corresponding document requests, one to Mr. Smith and another to Greyhound.

Under these circumstances, the mere issuance of the second deposition notice and both corresponding requests for production could warrant sanctions under Rule 26(g), as those requests were not objectively reasonable. *See In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991) (imposing sanctions under Rule 26(g) where party's issuance of invalid discovery requests

---

[1] It seems that in Plaintiff's mind, for the district judge's Order to be clear, it would have to explicitly name each form of discovery that Plaintiff cannot conduct. This is illogical considering that at the time the Order was issued, discovery had closed. Therefore, absolutely no discovery was permitted. The district judge created an exception by allowing the deposition of Mr. Smith and no further explanation was needed.

was objectively unreasonable); *Mick Haig Prods, e.K. v. Does*, 2011 WL 5104095, at *4 (N.D. Tex. Sept. 9, 2011) (imposing Rule 26(g) sanctions where party issued discovery that was inconsistent with a court order, as party "could not have reasonably interpreted the language" of the court's order as claimed).

Moreover, Plaintiff is incorrect that withdrawal of his discovery to Greyhound negated Defendants' Motion for Sanctions, as his document requests to Mr. Smith were also impermissible and contrary to the explicit Orders of the Court. (R. Doc. 20) (setting June 2, 2013 discovery deadline); (R. Doc. 34) (Order denying Pl.'s request to extend discovery deadline); (R. Doc. 47) (district judge's Order clarifying that Pl. may only depose Alan Smith).

Although Plaintiff withdrew his Notice to Greyhound, Defendants' continued objections to the document requests were otherwise met with threats:

> Get the magistrate in [*sic*] the phone or don't, I'll be there Friday, I'll expect records and the court can sort out my motions afterwards and you can live with the consequences for continuing to withhold documents and you can run the risk of sanctions, I really don't care, it's your license and reputation.

(R. Doc. 51-5 at 1).

The conduct of Plaintiff's counsel left Defendants with no other alternative than to file the instant Motion to protect both their client's and their own professional interests. This is particularly true in light of Plaintiff's objectively unreasonable disregard for this Court's discovery Orders and the Federal Rules of Civil Procedure, as well as Plaintiff's threat of sanctions against defense counsel. *See* La. State Bar Assoc. Code of Prof. ("I will conduct myself with dignity, civility, courtesy and a sense of fair play. . . . "I will not use the threat of sanctions as a litigation tactic."); LR 83.2.4 (adopting state's Code of Professionalism).

For the aforementioned reasons, and for those set forth in this Court's prior Order on this Motion (R. Doc. 52), the Court finds that Plaintiff's position was not substantially justified and

was objectively unreasonable. Plaintiff's counsel shall be required pay Defendants' reasonable expenses incurred in bringing the Motion, in accordance with Rules 26 and 37 of the Federal Rules of Civil Procedure. There are no circumstances that would make such an award of expenses unjust.

Defendants' counsel submitted an Affidavit claiming $777.40 in reasonable expenses for the work of two attorneys. Plaintiff's counsel has been given a reasonable opportunity to be heard regarding the awarding of such expenses. Although Plaintiff's counsel argues against the imposition of sanctions or fees in general, he does not challenge the amount of fees claimed or the reasonableness of the hours or hourly rate at issue. The Court also finds that both the amount of time expended and the hourly rate charged are reasonable based on the undersigned's review of the Motion and briefs.

The Court finds that the circumstances support an award of expenses and fees in bringing the Motion. No sanctions will be ordered at this time. Counsel for Plaintiff is responsible for paying the expense award.

For the reasons given above,

Defendants' Motion (R. Doc. 51) is **GRANTED IN PART** as it relates to an award of fees and expenses and **DENIED** as to any other award of sanctions. Plaintiff's **counsel** shall pay to Defendant $777.40 to be paid within **14 days** of this Order.

Signed in Baton Rouge, Louisiana, on December 22, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE